IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KEITH D. MATTHEWS                                                               PLAINTIFF

     v.                                   Civil No.  12-5262

OFFICER MIKE WRIGHT; SERGEANT
SHARP; and NURSE RHONDA                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff

proceeds *pro se* and *in forma pauperis*.

Plaintiff named as a Defendant "Nurse Rhonda."  By order entered on April 17, 2013

(Doc. 8), Plaintiff was advised that there were two nurses at the Washington County Detention

Center with the first name Rhonda--Rhonda Bradley and Rhonda Meschede.  Plaintiff was given

until May 6, 2013, to advise the Court which Nurse Rhonda he intended to name as a Defendant.

If Plaintiff could not determine the last name of the nurse involved, he was directed to provide

the Court with any information that would assist in identifying her.

Plaintiff did not respond to the order and a show cause order (Doc. 14) was entered on

May 16, 2013.  Plaintiff was given until **May 29, 2013,** to show cause why this action should not

be dismissed based on his failure to obey the order of this Court.  Plaintiff was advised that

failure to respond to the show cause order could result in the dismissal of this case.

The show cause order was returned as undeliverable.  Court staff obtained the home

address of the Plaintiff from the detention center and a change of address (Doc. 15) was entered

for the Plaintiff.   In light of this, Plaintiff was given until June 28, 2013, to respond to the

Court's order (Doc. 16).

-1-

To date, Plaintiff has not responded to the initial order directing him to identify the last name of the female nurse he intended to name as a Defendant or the show cause order.  On June 11th, Plaintiff notified the Court that he was incarcerated in the Washington County Detention Center (Doc. 17).   All documents that had been returned as undeliverable were mailed to the Plaintiff at the detention center.

Mail sent to the Plaintiff at the Washington County Detention Center has now been returned marked undeliverable return to sender.  When he filed this case, Plaintiff was advised that he was required to immediately inform the Court of any change of address (Doc. 3).

He has not contacted the Court in anyway.  He has failed to respond to the Court's orders.  I therefore recommend that this case be dismissed with prejudice based on Plaintiff's failure to obey the orders of the Court and his failure to prosecute this action.  Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of July 2013.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE

-2-