IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KEITH D. MATTHEWS                                                                                    PLAINTIFF

v.                                          Civil No. 12-5262

OFFICER MIKE WRIGHT; SERGEANT
SHARP; and NURSE RHONDA                                                                DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before me on the Defendants' Motion to Dismiss (Doc. 29).

**1. Discussion**

Plaintiff named as a Defendant "Nurse Rhonda." By order entered on April 17, 2013 (Doc. 8), Plaintiff was advised that there were two nurses at the Washington County Detention Center with the first name Rhonda--Rhonda Bradley and Rhonda Meschede. Plaintiff was given until May 6, 2013, to advise the Court which Nurse Rhonda he intended to name as a Defendant. If Plaintiff could not determine the last name of the nurse involved, he was directed to provide the Court with any information that would assist in identifying her.

Plaintiff did not respond to the order and a show cause order (Doc. 14) was entered on May 16, 2013. Plaintiff was given until May 29, 2013, to show cause why this action should not be dismissed based on his failure to obey the order of this Court. Plaintiff was advised that failure to respond to the show cause order could result in the dismissal of this case.

The show cause order was returned as undeliverable. Court staff obtained the home address of the Plaintiff from the detention center and a change of address (Doc. 15) was entered

for the Plaintiff.  In light of this, Plaintiff was given until June 28, 2013, to respond to the Court's order (Doc. 16).  Plaintiff still did not respond to the show cause order and on July 9, 2013, a report and recommendation (Doc. 21) was entered recommending dismissal of the case. On July 31, 2013, the case was dismissed (Doc. 22).

Thereafter, Plaintiff filed a motion to reopen the case (Doc. 23).  The motion to reopen (Doc. 23) was granted by order (Doc. 28) entered on July 28, 2014.  Plaintiff was given until August 20, 2014, to advise the Court if he was suing Nurse Rhonda Bradley or Nurse Rhonda Meschede or to provide sufficient information so that the correct Defendant could be identified. Plaintiff was advised that failure to respond to the order would result in the dismissal of this case.

Defendants filed a Motion to Dismiss (Doc. 29).  They assert that the Plaintiff's failure to respond to the Court's order is unjustified and the case should be dismissed.

Plaintiff has not responded to the Motion to Dismiss.  Plaintiff has not responded in anyway to the Court's order.  No mail has been returned as undeliverable.  Plaintiff has not contacted the Court in any way since the entry of the order on July 28, 2014.  This case was filed on December 12, 2012, and Plaintiff has yet to provide the Court with sufficient information to identify the Nurse he is attempting to name as a Defendant.

## 2. Conclusion

I therefore recommend that this case be **dismissed with prejudice** based on Plaintiff's repeated failure to obey the orders of the Court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).  The Motion to Dismiss (Doc. 29) should be **GRANTED**.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of June, 2015.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE